UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FARRER,<br><br>    Plaintiff,<br><br>v.<br><br>EZCATER, INC.,<br><br>    Defendant. | Case No. 20-cv-01804-JCS<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 8 |

## I.    INTRODUCTION

Plaintiff Matthew Farrer originally filed this putative class action in the California Superior Court for Alameda County, where it was assigned case number HG19047343, asserting wage and hour claims against Defendant ezCater, Inc. on behalf of himself and other delivery drivers whom Farrer contends were misclassified as independent contractors rather than ezCater employees. ezCater removed to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332 and relying on Farrer's potential recovery of attorneys' fees to satisfy the amount in controversy. Farrer moves to remand, arguing that attorneys' fees must be apportioned among the asserted class and only his own individual share of such fees may be counted towards the amount in controversy. The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for May 8, 2020. For the reasons discussed below, Farrer's motion is GRANTED, and the case is REMANDED to state court.[1]

## II.    BACKGROUND

Farrer's complaint asserts that ezCater misclassified him and similarly situated delivery drivers as independent contractors rather than employees, and that ezCater failed to provide them

---

[1] The parties have consented to the undersigned magistrate judge presiding over this case for all purposes pursuant to 28 U.S.C. § 636(c).

with employment benefits required under the California Labor Code. *See generally* Compl. (dkt. 1-1). Among other relief, Farrer seeks attorneys' fees under several provisions of the Labor Code and other California statutes. *Id.* at 17, ¶ 13 (prayer for relief). In its notice of removal, ezCater relied on Farrer's request for attorneys' fees to show that the amount in controversy exceeds $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal (dkt. 1) ¶¶ 15–17. Farrer moves to remand, arguing that ezCater has not shown a sufficient amount in controversy, in part because any award of attorneys' fees is attributable to the putative class as a whole and only Farrer's individual share of those fees counts toward the amount in controversy. ezCater does not dispute that principle and does not argue that it can show an amount in controversy over $75,000 if there are any other class members, but contends that Farrer's allegations are not sufficient to show that there are any other class members, or "[s]tated differently, despite the proposed class, and the characterization of the case as a Class Action, in reality, the only claims asserted are on behalf of Plaintiff individually, and therefore the aggregation rule should be disregarded." Opp'n (dkt. 12) at 5.

### III. ANALYSIS

#### A. Legal Standard

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation and internal quotation marks omitted). Any doubts as to removability should generally be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Federal courts have diversity jurisdiction, which ezCater asserts here as the basis for its removal, only where there is complete diversity of citizenship—no plaintiff is a citizen of the same

state as any defendant—and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *see Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014).  Where a defendant removes an action to federal court on the basis of diversity, the burden on a plaintiff seeking remand under § 1447(c) depends on whether the amount in controversy is clear from the face of the complaint.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  "Where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  To determine whether this standard is met, courts "may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation and internal quotation marks omitted).

### B. ezCater Has Not Shown the Amount in Controversy Exceeds $75,000

Here, ezCater relies on Farrer's claim for attorneys' fees to bring the amount in controversy above the $75,000 threshold.  The Ninth Circuit has held that, where class claims are asserted, "any potential attorneys' fees award [under statutes awarding fees to prevailing parties] cannot be attributed solely to the named plaintiffs for purposes of amount in controversy," but instead must be apportioned among members of the putative class, and at least one named plaintiff's claims must meet the amount in controversy requirement with only that plaintiff's share of attorneys' fees included.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 941–43 (9th Cir. 2001).[2]  While acknowledging

---

[2] The Ninth Circuit's rationale for this rule is not entirely clear.  While the attorneys' fees statute discussed in *Gibson* only provided for fees if a significant benefit was conferred on a large class or the public generally, suggesting that class certification would be a prerequisite to such an award, *see Gibson*, 261 F.3d at 942 (quoting Cal. Civ. Proc. Code § 1021.5), the decision in *Kanter* extended the rule to a case where attorneys' fees would have been available to a successful individual plaintiff even if a class were never certified, *see Kanter*, 265 F.3d at 858 (citing Cal. Civ. Code § 1780).  Neither case explains how a rule assuming future class certification for the purpose of attorneys' fees is consistent with the general principles that "subject matter jurisdiction depends only on the named plaintiffs," *Gibson*, 261 F.3d at 941, that claims of absent putative class members should not be considered on removal "because those members are free to opt out of the class, and because a denial of class certification would prevent the court from taking jurisdiction over the claims of the unnamed class members," *id.*, or that courts should look to "the

1   that holding, ezCater argues that it is of no consequence here because "[t]here are no allegations
2   that any other person—other than Plaintiff [Farrer]—was misclassified as independent contractors
3   or performed services for ezCater." Opp'n at 5. That argument is incorrect.

4       Farrer alleges that there are "estimated to be greater than 100 individuals" who meet his
5   proposed class definition of "California citizens who performed work for Defendants in the State
6   of California as delivery drivers, or in a functionally equivalent position, who were misclassified
7   as independent contractors within four years prior to the filing of this action to the date the class is
8   certified." Compl. ¶¶ 17, 21(a). He also alleges that his injuries—deprivation of employee
9   benefits despite "perform[ing] services for Defendants a delivery driver" and being "classified by
10  Defendants as an independent contractor"—are "typical of the injuries sustained by the Class
11  because they arise out and are caused by Defendants' common course of conduct as alleged [in
12  Farrer's complaint]." *Id.* ¶¶ 21(b), 22. He alleges that ezCater "failed to pay Plaintiff *and class*
13  *members* all minimum wages owed," that "Plaintiff *and class members* did not receive" required
14  rest periods, and that "Defendants have intentionally and willfully failed to provide Plaintiff *and*
15  *class members* with complete and accurate wage statements," among other charges. *Id.* ¶¶ 37, 45,
16  65 (emphasis added). And he alleges that "Defendants knew or should have known that Plaintiff
17  *and class members*" were entitled to employee benefits. *Id.* ¶¶ 25–33 (emphasis added).
18  Assuming, as ezCater does not contest, that Farrer sufficiently alleges his individual claims,
19  ezCater cites no case holding that such allegations are insufficient to plead class claims.

20      According to ezCater, the Court can conclude that there are no other class members based
21  on a declaration by an ezCater officer that ezCater did not contract directly with any delivery
22  driver in California, but instead contracted with a company by the name of Jobble, Inc., which in
23  turn contracted with individuals. *See* Opp'n at 3; Konjoian Decl. (dkt. 12-5). The evidence
24  submitted by ezCater proves too much, as ezCater also offers a letter that Farrer's attorneys sent to
25  Jobble stating intent to amend the complaint to add Jobble as a defendant in this action, Khalsa

---

27  amount in controversy at the time of removal," *see Singer*, 116 F.3d at 377, at which time, often, no class has yet been certified. The rule could also produce unusual results if, say, a plaintiff
28  asserted class claims in her complaint but never moved for class certification. Regardless, however, no party disputes that *Kanter* is binding precedent.

Decl. (dkt. 12-1) Ex. C, and asserts that Farrer "worked for" Jobble, Opp'n at 3. Taking that evidence together, it becomes clear that the theory of Farrer's complaint is that, despite formally contracting with Jobble, he and other similarly situated drivers "performed work for" ezCater and were therefore legally ezCater employees. *See* Compl. ¶¶ 17, 22.

The merits of that theory are not before this Court. The relevant question is whether, *if* Farrer succeeds in proving his case, the amount in controversy apportioned specifically to him would exceed $75,000. Under *Kanter*, the Court assumes that Farrer would succeed in certifying a class of similarly situated drivers and that any attorneys' fees recovered would be apportioned among them for the purpose of the amount in controversy. ezCater does not argue that Farrer's share of apportioned attorneys' fees would exceed the amount in controversy threshold if there are any other class members. Even if the Court could determine as a matter of law on this motion to remand that the delivery drivers who contracted with Jobble have no claim against ezCater—which, to be clear, the Court cannot—then based on ezCater's own assertion that Farrer "worked for" Jobble, Opp'n at 3, Farrer himself would have no claim, and the amount in controversy would be zero. Either way, ezCater has not met its burden to show that the amount in controversy for the only named plaintiff's claim exceeds $75,000, and the case must be remanded.

## IV.    CONCLUSION

For the reasons discussed above, Farrer's motion to remand is GRANTED, and the case is REMANDED to the California Superior Court for Alameda County. The Clerk shall close the case in this Court.

**IT IS SO ORDERED.**

Dated: April 24, 2020

JOSEPH C. SPERO
Chief Magistrate Judge